UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:15-cr-7-FtM-29CM

CHRISTOPHER HALL

### **OPINION AND ORDER**

On July 10, 2015, United States Magistrate Judge Carol Mirando submitted a Report and Recommendation (Doc. #57) to the Court recommending that Defendant's Motion to Suppress Evidence (Doc. #28) be denied. Defendant's Objections to Report and Recommendation (Doc. #63) were filed on July 20, 2015. The government has not filed a reply, and the time to do so has expired.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of

Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).  A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness.  Powell, 628 F.3d at 1256-58.

## II.

### A. May 9, 2014 Download

The Magistrate Judge found that Officer Zachary Ewert's warrantless May 9, 2014 search and downloading of images from defendant's computer using Roundup BitTorrent software was not a trespass in violation of the Fourth Amendment.  The Magistrate found that, while law enforcement officers used search devices not in general public use, these search devices did not allow law enforcement greater access than the general public to files defendant had made publicly available for sharing.  (Doc. #57, pp 11-16.)  Additionally, the Magistrate Judge found defendant did not have an expectation of privacy in computer files which he had made available to others, and any subjective expectation of privacy was not reasonable.  (Id. at 16.)

The Court agrees with the factual findings and legal conclusions of the Magistrate Judge as to the Roundup BitTorrent

software and the May 9, 2014 search and download, and overrules defendant's objections on this issue. As discussed further below, however, the Court disagrees with the Magistrate Judge as to the apparent prior search involving the Internet Crimes Against Children (ICAC) database.

**B. Search Warrant Affidavit**

The Magistrate Judge found that the Affidavit in support of the subsequent application for a search warrant did not contain materially false and misleading information. (Doc. #57, pp. 16-21.) The Court agrees with the factual findings and legal conclusions of the Magistrate Judge, and overrules defendant's objections as to this issue.

**C. <u>Miranda</u> Warnings**

The Magistrate Judge found that defendant Hall was not in custody at the time he made certain statements, and therefore had not been subjected to custodial interrogation which required warnings under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). (Doc. #57, pp. 21-26.) The Court agrees with the factual findings and legal conclusions of the Magistrate Judge, and overrules defendant's objections as to this issue.

**D. ICAC Database Search**

At the conclusion of the evidentiary hearing before the Magistrate Judge, defense counsel made a "new argument" on what he described as his "strongest ground" for suppression. (Doc. #55,

software and the May 9, 2014 search and download, and overrules defendant's objections on this issue. As discussed further below, however, the Court disagrees with the Magistrate Judge as to the apparent prior search involving the Internet Crimes Against Children (ICAC) database.

**B. Search Warrant Affidavit**

The Magistrate Judge found that the Affidavit in support of the subsequent application for a search warrant did not contain materially false and misleading information. (Doc. #57, pp. 16-21.) The Court agrees with the factual findings and legal conclusions of the Magistrate Judge, and overrules defendant's objections as to this issue.

**C. <u>Miranda</u> Warnings**

The Magistrate Judge found that defendant Hall was not in custody at the time he made certain statements, and therefore had not been subjected to custodial interrogation which required warnings under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). (Doc. #57, pp. 21-26.) The Court agrees with the factual findings and legal conclusions of the Magistrate Judge, and overrules defendant's objections as to this issue.

**D. ICAC Database Search**

At the conclusion of the evidentiary hearing before the Magistrate Judge, defense counsel made a "new argument" on what he described as his "strongest ground" for suppression. (Doc. #55,

software and the May 9, 2014 search and download, and overrules defendant's objections on this issue. As discussed further below, however, the Court disagrees with the Magistrate Judge as to the apparent prior search involving the Internet Crimes Against Children (ICAC) database.

**B. Search Warrant Affidavit**

The Magistrate Judge found that the Affidavit in support of the subsequent application for a search warrant did not contain materially false and misleading information. (Doc. #57, pp. 16-21.) The Court agrees with the factual findings and legal conclusions of the Magistrate Judge, and overrules defendant's objections as to this issue.

**C. <u>Miranda</u> Warnings**

The Magistrate Judge found that defendant Hall was not in custody at the time he made certain statements, and therefore had not been subjected to custodial interrogation which required warnings under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). (Doc. #57, pp. 21-26.) The Court agrees with the factual findings and legal conclusions of the Magistrate Judge, and overrules defendant's objections as to this issue.

**D. ICAC Database Search**

At the conclusion of the evidentiary hearing before the Magistrate Judge, defense counsel made a "new argument" on what he described as his "strongest ground" for suppression. (Doc. #55,

pp. 86-87.)  Defense counsel argued that certain testimony showed that a separate search involving the ICAC database had occurred prior to the May 9, 2014 search by Officer Ewert, and asserted the government had not produced sufficient evidence to establish that search's legality.  (Id. at 86-88.)  The government did not see this as a new issue.  (Id. at 94.)  The Magistrate Judge considered the ICAC issue, but found no Fourth Amendment violation for the same reasons as applied to Officer Ewert's May 9, 2014 computer activities.  (Doc. #57, pp. 16.)

The record before the Court does not support the Magistrate Judge's factual findings and legal conclusions as to this apparent prior search.  The Court sustains defendant's objections to this portion of the Report and Recommendation.  Rejection of this portion of the Report and Recommendation does not mean, however, that the Court reaches the opposite conclusion as to the lawfulness of the apparent prior search.

Defendant's written motion to suppress focused on the May 9th downloading of shared images from defendant's computer and the events that transpired thereafter.  (Doc. #28.)  The motion did not raise the prior ICAC search issue.  Officer Ewert's testimony at least suggested that there was a prior search of defendant's computer which resulted in information from it being placed into the ICAC database of known child pornography.  Among other things, Officer Ewert testified that the ICAC database contained Internet

Protocol (IP) addresses which had previously possessed child pornography and/or torrent files associated with child pornography. (Doc. #55, pp. 19-23, 28-30, 47.) Officer Ewert's software searched the ICAC database for such target IP address in the geographic area of interest to him, and found defendant's IP address. The ICAC database then imported defendant's IP address and a particular torrent file referencing child pornography to Officer Ewert's computer, which Officer Ewert used to successfully connect to defendant's IP address and download the images of child pornography referenced by the imported torrent file. (Id. at 13-23.) Officer Ewert testified that when he discovered defendant's IP address, he was able to "see the transfer, the connection between the two computers corresponding, the date, time, the name of the software that the target was utilizing, as well as the actual download." (Id. at 29.)

From the testimony, it is reasonable to conclude that someone at some time did something to obtain defendant's IP address, determined it was associated with child pornography, and placed it in the ICAC database. Neither Officer Ewert, nor the government attorney, has any personal knowledge as to how that prior information was obtained. While the Magistrate Judge accepted Offer Ewert's testimony that the ICAC information was obtained using "trackers" searching peer-to-peer networks, Officer Ewert's testimony clearly established that he does not know enough about

the ICAC database to establish such facts. (Id. at 48-49.) While Officer Ewert undoubtedly believes it in good faith, there was no evidence to factually support his belief from someone who actually knows. The government was still unable to explain the process to the Court at recent oral arguments on a motion to compel.

The evidence is clear that there was some prior involvement of some kind with defendant's computer. Depending on what was done, the conduct may justify a motion to suppress. There is simply insufficient evidence currently in the record to explain how the ICAC database was populated with information from or about defendant's computer. Thus, there is no factual or legal foundation to conclude that defendant's rights were or were not violated by this unknown process.[1]

The Court declines to accept this portion of the Report and Recommendation. There has never been a motion to suppress which specifically focused on this aspect of the case, as is normally required. United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985). It was not unreasonable for the government to be unprepared to address an issue not raised in the motion to suppress. In light of the presently-pending appeal of the Magistrate Judge's denial of defendant's motion to compel

---

[1] If the facts assumed by Officer Ewert and the Magistrate Judge prove correct, there may indeed be no Fourth Amendment violation. See, e.g., United States v. Dennis, No. 13-CR-10, 2014 WL 1908734 (N.D. Ga. 2014). But that determination must be made only after a proper motion and hearing.

discovery regarding the ICAC database, and the apparently unexpected nature of the testimony at the suppression hearing, the Court finds good cause to allow defendant to file a motion to suppress relating to the ICAC database after that motion to compel is resolved if defendant feels such a motion is appropriate after receiving discovery.

After reviewing the Report and Recommendation and the transcript of the evidentiary hearing (Doc. #55), the Court fully agrees with the findings of fact and conclusions of law made by the Magistrate Judge as to each of the three issues raised in the motion to suppress.  Accordingly, the Court will adopt the Report and Recommendation to that extent, and will deny the motion to suppress.  The Court finds that the record is insufficient as to any search relating to defendant's computer which may have been conducted to populate the ICAC database, and therefore rejects that portion of the Report and Recommendation.  That issue, if raised by a proper motion, will be addressed at a later date.

Accordingly, it is now

**ORDERED:**

1.   The Magistrate Judge's Report and Recommendation (Doc. 57) is accepted and adopted as to all issues except the ICAC database.

2.   Defendant's Motion to Suppress Evidence (Doc. #28) is **DENIED**.

3. Defendant may file a second motion to suppress as discussed above within twenty-one (21) days, or such other time as may be set by the Court.

**DONE and ORDERED** at Fort Myers, Florida, this  7th  day of October, 2015.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
Counsel of Record
DCCD