```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                      CASE NO: 2:15-cr-7-FtM-29CM

CHRISTOPHER HALL
_____

### OPINION AND ORDER

This matter comes before the Court on defendant's Objection to Order Denying Defendant's Motion to Compel (Doc. #62) filed on July 16, 2015. The Court heard oral arguments on September 17, 2015.

Defendant Christopher Hall (defendant or Hall) is charged in a two-count Indictment (Doc. #3) with receipt and distribution of child pornography on or about May 9, 2014 (Count One) and possession of child pornography "[f]rom an unknown date but at least on or about May 9, 2014, through on or about June 9, 2014" (Count Two). (Doc. #3.) Through counsel, defendant requested the opportunity to examine and copy certain documents concerning the BitTorrent software application used in the investigation. The government declined to provide such discovery, leading to defendant's Motion to Compel Discovery. (Doc. #36.) Based upon testimony at the suppression hearing, defense counsel also requested the opportunity to inspect and copy documents concerning the Internet Crimes Against Children (ICAC) database and its

underlying software. On July 10, 2015, the Magistrate Judge issued an Order (Doc. #58) denying the motion to compel both as to the BitTorrent information and the ICAC database information. Defendant objects only to the ICAC database portion of the Order. While the Court overrules defendant's objections as to the specific ICAC documents sought, for the reasons set forth below the Court finds that the government must provide some level of discovery as to the ICAC database in order to comply with its discovery obligations.

**I.**

As relevant to this case, discovery in criminal cases is largely governed by Federal Rule of Criminal Procedure 16, which provides in pertinent part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Although there is no general constitutional right to discovery in a criminal case, United States

v. Quinn, 123 F.3d 1415, 1421 (11th Cir. 1997), it is clear that constitutional principles may require disclosures by the prosecution. E.g., Brady v. Maryland, 373 U.S. 83, 87 (1963) (Due process requires prosecutors to "avoi[d] . . . an unfair trial" by making available "upon request" evidence "favorable to an accused . . . where the evidence is material either to guilt or to punishment"); Giglio v. United States, 405 U.S. 150, 154 (1972) (exculpatory evidence includes "evidence affecting" witness "credibility," where the witness' "reliability" is likely "determinative of guilt or innocence").

**II.**

In this case, the government has declined to provide *any* information about the ICAC database or how defendant's computer Internet Protocol (IP) address became of part of that database. The government asserts that such information is not "material" within the meaning of the law, and, even if material, disclosure may be withheld under the law enforcement privilege.  For the reasons set forth below, the Court concludes that the government is required to provide more disclosures under both its due process responsibilities and its Rule 16 obligations.

What the record currently knows about the ICAC database comes from Officer Zackary Ewert's testimony at the suppression hearing. While no party disputes Officer Ewert's credibility, he candidly admitted having no firsthand knowledge about the ICAC database or

how information was obtained to be included within it. At oral argument on the motion to compel, the government attorney was also unable to explain the process by which defendant's IP address was captured and placed in the ICAC database. Thus, reliable information about the ICAC database is hard to come by in this case. Nonetheless, Officer Ewert's testimony at the suppression hearing established a reasonable basis to believe a prior search for which defendant may have standing has taken place.

Among other things, Officer Ewert testified that the ICAC database contained IP addresses which had previously possessed child pornography and/or torrent files associated with child pornography. (Doc. #55, pp. 19-23, 28-30, 47.) Officer Ewert's software searched the ICAC database for such target IP address in the geographic area of interest to him, and found defendant's IP address. The ICAC database then imported defendant's IP address and a particular torrent file referencing child pornography to Officer Ewert's computer, which Officer Ewert used to successfully connect to defendant's IP address and download the images of child pornography referenced by the imported torrent file. (Id. at 13-23.) Officer Ewert testified that when he discovered defendant's IP address, he was able to "see the transfer, the connection between the two computers corresponding, the date, time, the name of the software that the target was utilizing, as well as the actual download." (Id. at 29.) From the testimony, it is

reasonable to conclude that someone at some time did something to obtain defendant's IP address, determined it was associated with child pornography, and placed it in the ICAC database.

Pursuant to Rule 16, the government is required to disclose upon request "data" which is material to preparing a defense, or which the government intends to use in its case-in-chief, or which was obtained from or belongs to defendant.  Fed. R. Crim. P. 16(E). At least two of these apply to defendant's request in this case. While the Court will overrule defendant's objections to the specific items sought, it will order the government to make sufficient disclosures to enable defendant to determine how the apparent prior search was conducted and to evaluate the propriety of a motion to suppress.  The Court need not reach the government's assertion of law enforcement privilege, since the record contains insufficient evidence at this point to justify such a finding.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Objection to Order Denying Defendant's Motion to Compel (Doc. #62) is **OVERRULED** without prejudice to raising the issues after receiving further discovery from the government.

2. The government shall provide defendant, within fourteen (14) days of this Order, with sufficient discovery as to the apparent prior search of defendant's computer which

resulted in placement of his information in the ICAC database as will enable defense counsel to determine how the apparent prior search was conducted and to evaluate the propriety of a motion to suppress.

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record